ELECTRONICALLY FILED
12/27/2021 12:39 PM
29-CV-2021-900255.00
CIRCUIT COURT OF
ELMORE COUNTY, ALABAMA
MICHAEL DOZIER, CLERK

IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

Clifford D. Mathews,

    Plaintiff,

V.                            CV_____

Henry Hines, Troy Stubbs,         JURY DEMAND
Bart Mercer, Mack Daugherty,
Desirae Lewis, Barry Smith,
Luke McGinty, Mitch Savage,
in their official and individual
capacities and the Elmore County
Commission.

    Defendants.

## COMPLAINT

### NATURE OF THE CASE

1. This is a lawsuit brought by the Plaintiff, Clifford D. Mathews, who has been affected by the discrimination alleged in the claims set forth below, seeking permanent relief from unlawful discriminatory practices involving retention, compensation, and other terms and conditions of employment by the Defendants who failed to remedy systemic employment discrimination based on race.

### PARTIES

2. Plaintiff, Clifford D. Mathews, is a Black male resident of Elmore County. He was employed by the Elmore County Highway Department, a division of the Elmore County Commission at all times material herein.

1

3. Defendant Elmore County Commission (Defendant, Commission) is Elmore County, Alabama's governing body and was Plaintiff's employer.

4. Henry Hines, Troy Stubbs, Bart Mercer, Mack Daugherty and Desirae Lewis are members of the Elmore County Commission who have general supervision of the individual employed by Elmore County are sued in their official and individual capacities.

5. Defendant Barry Smith is over 19 years, a resident of Elmore County, Alabama, and at all times relevant hereto was employed either as a Superintendent or Administrative or supervisory position by the Defendant Commission and is sued in his official and individual capacity.

6. Defendant Luke McGinty is over 19 years, a resident of Elmore County, Alabama, and at all times relevant hereto was employed by the as a Deputy Chief Engineer by the Defendant Commission and is sued in his official and individual capacity.

7. Defendant Mitch Savage is over 19 years, a resident of Elmore County, Alabama, and at all times relevant hereto was an Assistant Superintendent employed by the Defendant Commission and is sued in his official and individual capacity.

## ADMINISTRATIVE PROCEDURES

8. On September 24, 2021, within 180 days of learning of the acts of discrimination and retaliation of which he complains, Plaintiff filed a charge of

discrimination with the Equal Opportunity Employment Commission (hereinafter "EEOC"), Charge No. 420-2021-1315. (See Exhibit A).

9. Plaintiff received a Notice of Right to Sue from the EEOC, marked sent September 27, 2021. Less than 90 days have elapsed since Plaintiff received the same. (See Exhibit B).

## FACTS

10. On or about February 12, 2007, Plaintiff was hired by the Elmore County Highway Department as a heavy equipment operator mechanic. Plaintiff worked as a mechanic before he was promoted to Operator I and eventually promoted to the next position of Operator II.

11. March 18, 2019, Plaintiff was promoted once again to a supervisor position due to the death of his then supervisor.

12. Plaintiff and a Caucasian male, J.C. Daniels, applied for the position, and Plaintiff was hired for the supervisor position by Luke McGinty.

13. The position title was construction supervisor; however, he was appointed with the stipulation that he had to earn a commercial driver's license. Luke McGinty informed Plaintiff that all supervisors had to have a commercial driver's license. Sam Antley, a white male and another white male worked as supervisors and were required by the Defendants to have a commercial driver's license.

14. Plaintiff, while employed as a supervisor, I was never treated fairly by his main superintendent, Defendants Barry Smith, Luke McGinty, nor Mitch Savage, who are Caucasians.

3

15. Plaintiff had problem after problem with the Caucasian employees who worked under his supervision. He reported the problems to Defendants Luke McGinty and Barry Smith; however, they did not address them. The main employees who gave Plaintiff problems from when he became a supervisor were J.C. Daniels and Clifton Lazenby, Caucasian.

16. After so many times of reporting the problems caused by J.C. Daniels and Clifton Lazenby, Plaintiff's supervisor finally told him to write up J.C. Daniels; however, all he did was give him a written warning, and when Plaintiff wrote him up again around June 6, 2020. Daniels became so upset and he began to question why did Plaintiff wrote him up. J. C. Daniels stormed out of the Plaintiff's office and left the job without telling Plaintiff or any other supervisor that he had left. Such action is grounds for termination according to Defendant's policy and procedures handbook Section 9.4.5. J.C. Daniels was not fired, demoted, nor sent home for two days. According to the handbook, if an employee is written up more than three times within a year, the employee is suspended without pay. J. C. Daniels was written up three times in five months; however is employment was not terminated, nor was he suspended with or without pay.

17. Clifton Lazenby had three reported accidents while on duty; however, he was not disciplined according to the policy and procedures handbook 9.4.6 and 9.6.11 safety and carelessness 9.4.6 abuse of property.

18. Johnny Wingard, a Causcian construction supervisor, had repeatedly broken and/or damaged many pieces of equipment somehow. Due to his destruction

4

of the equipment, his nickname was "the demolition man". He had also been written up numerous times within a year. Several employees stated they hated working with Johnny Wingard because of his attitude, careless behavior, and conduct towards others. For that matter, Wingard, a white male, had never been demoted, suspended, or fired during the Plaintiff's employment period. In addition, Butch Hammonds, a white male, who worked in a supervisory capacity received similar complaints from employees similar to Wingard's but Hammonds was not demoted, suspended, or fired during the Plaintiff's employment period.

19. On March 1, 2021, Plaintiff received a written warning for backing into a vehicle with a regular Elmore County Highway truck.

20. On April 12, 2021, Plaintiff received a two-day suspension and demotion to Equipment Operation II with a reduction in pay for violating Sections of the handbook 9.4.4 work interference and 9.4.5 inefficiency.

21. On April 14, 2021, Plaintiff's employment was terminated for violation of Sections 9.6.23 of the handbook unauthorized use of public property, County vehicle, and time 9.6.23 failure to comply with ethic law. Plaintiff was falsely accused of using county property for personal gain.

22. Plaintiff was fired for an alleged violation of the policy and procedures handbook 9.4.6 and 9.6.11 safety and carelessness 9.4.6 abuse of property.

23. The Caucasian employees mentioned above received new trucks to drive, but Plaintiff had to keep going an old truck.

5

## COUNT I
### Violation of Title VII, 42 U.S.C. § 2000(e) et seq., for National Origin Discrimination

24. Plaintiff adopts and re-alleges each allegation contained in Paragraphs 1-23 as if set out anew herein.

25. Plaintiff's national origin was a determining factor in the decision to terminate Plaintiff, subject Plaintiff to less favorable terms and conditions of employment, and harassing Plaintiff during his period of employment.

26. The Defendants. knowingly and willfully discriminated against Plaintiff based on his national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that a jury, upon considering the evidence, will award the following:

a. An amount of money to sufficiently and adequately compensate the Plaintiff for his suffering inflicted upon him by the Defendants and an amount to adequately punish the Defendants to deter Such action in the future.

b. The recovery of court costs, expenses, and an adequate and proper attorney fee.

c. Re-instatement of his former position with full back pay and benefits.

d. Such other, further and different relief the Court determines the Plaintiff is entitled to receive.

## COUNT II
## DISPARATE TREATMENT

27. Plaintiff adopts and re-alleges each allegation contained in Paragraphs 1-26 as if set out anew herein.

28. Defendants Smith, McGinity, and Savage subjected the Plaintiff to a stricter discipline while not disciplining Caucaciaon employees who violated the rules. (See paragraphs 14-23 of this Complaint).

29. The termination of Plaintiff's employment is based upon allegations which either are false or are based upon actions similarly taken by other employees without incident.

30. The Plaintiff was wrongfully terminated.

31. The Defendants' actions constitute unlawful disparate treatment under Title VII.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that a jury, upon considering the evidence will award the following:

a. An amount of money to sufficiently and adequately compensate the Plaintiff for his suffering inflicted upon him by the Defendants and an amount to adequately punish the Defendants to deter Such action in the future.

b. The recovery of court costs, expenses, and an adequate and proper attorney fee.

c. Re-instatement of her former position with full back pay and benefits.

d.  Such other, further and different relief the Court determines the Plaintiff is entitled to receive.

## COUNT III
## STATE ACTION-FAILURE TO TRAIN

32.  Plaintiff adopts, realleges, and reavers paragraphs 1-31 as if fully set out anew herein.

33.  The Elmore County Commission and its members, Henry Hines, Troy Stubbs, Bart Mercer, Mack Daugherty, and Desirae Lewis, the employer(s) of Defendants Smith, McGinity, and Savage, had a duty and obligation to train the Defendants in the Personnel Policies and Procedures of Elmore County, Alabama. The failure of the County of Elmore to adequately and appropriately train the Defendants concerning the Personnel Policies and Procedures of Elmore County, Alabama, caused Plaintiff to be wrongfully, improperly, and/or illegally terminated. Plaintiff was caused to suffer mental and emotional pain and anguish and also caused to suffer monetary damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that a jury, upon considering the evidence will award the following: evidence will award the following:

a.  An amount of money to sufficiently and adequately compensate the Plaintiff for his suffering inflicted upon him by the Defendants and an amount to adequately punish the Defendants to deter Such action in the future.

8

b.    The recovery of court costs, expenses, and an adequate and proper attorney fee.

c.    Re-instatement of his former position with full back pay and benefits.

d.    Such other, further and different relief the Court determines the Plaintiff is entitled to receive.

## COUNT IV
## AGENCY

34.    Plaintiff adopts, realleges, and reavers paragraphs 1-33 as if fully set out anew herein.

35.    The above-described acts of Defendant Smith, McGinty, and Savage were committed while acting as an agent of Defendant Elmore County Commission.

36.    The above-described acts of Defendant Smith, McGinty, Savage were committed while in the scope of their agency and while furthering the interests of Defendant Elmore County Commission.

37.    As the principal for Defendant, Elmore County Commission is responsible for all of the acts committed by Defendants Smith, McGinty, and Savage while in the scope of its agency.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that a jury, upon considering the evidence will award the following: evidence will award the following:

a.    An amount of money to sufficiently and adequately compensate the Plaintiff for his suffering inflicted upon him by the Defendants and an amount to adequately punish the Defendants to deter Such action in the future.

9

  b. The recovery of court costs, expenses, and an adequate and proper attorney fee.

  c. Re-instatement of his former position with full back pay and benefits.

  d. Such other, further and different relief the Court determines the Plaintiff is entitled to receive.

/s/*Deborah M. Nickson*
Deborah M. Nickson
Attorney at Law
8436 Crossland Loop, Ste 112
Montgomery, AL  36117
(334) 213-1233 Office
(334) 213-1236 Office
(334) 213-1234 fax
Email: debnicks@bellsouth.net

/s/*Larry L. Raby*
Larry L. Raby (RAB002)
Attorney at Law
Post Office Box 4751
Montgomery, Alabama 36103
(334) 652-8929
Email: lewisraby@yahoo.com

## Jury Demand

Plaintiff demands trial by a struck jury.

/s/*Deborah M. Nickson*
Deborah M. Nickson

/s/*Larry L. Raby*
Larry L. Raby (RAB002.

10