IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLIFFORD D. MATHEWS, | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION NO.: |
| v. | ) 2:22-cv-00049-SRW |
| | ) |
| HENRY HINES, TROY STUBBS, | ) |
| BART MERCER, MACK DAUGHERTY, | ) |
| DESIRAE LEWIS, BARRY SMITH, | ) |
| LUKE MCGINTY, MITCH SAVAGE, | ) |
| in their official and individual capacities and | ) |
| the ELMORE COUNTY COMMISSION. | ) |
| Defendants. | ) |

## **MOTION FOR REMAND**

COMES NOW Plaintiff, Cliford Matthews and respectfully moves this Court to remand this case to the State Court from which it was removed. Remand is inappropriate because there is no basis for this Court to exercise jurisdiction over the claims alleged by Plaintiff in her Complaint.

In support of her Motion, Plaintiff incorporates herein his Memorandum in Support of this Motion.


Wherefore the premises considered, Plaintiff prays that this Motion to Remand should be GRANTED.

Respectfully submitted this the 20th  day of February 2022.

*/s/Deborah M. Nickson*
Deborah M. Nickson (NIC025)
Attorney for Plaintiff
8436 Crossland Loop, Ste 112
Montgomery, Alabama 36117
P. (334) 213-1233 F: (334) 213-1234
Email: debnicks@bellsouth.com

*/s/Larry L. Raby*
Larry L. Raby 9RAB002)
Attorney for Plaintiff
Post Office Box 4751
Montgomery, Alabama 36103
(334) 652-8929
Email: lewisraby@yhoo.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of the Court and that

a copy of the foregoing has been served upon the following by Electronic Mail

and/or by placing a copy of same in the United States mail, properly addressed and

postage prepaid on this the **20th  day of February 2022** to:

Constance Caldwell Walker
Attorney for Defendants
WEBB MCNEILL WALKER, PC
One Commerce Street, Suite 700
Montgomery, Alabama 36104.

Respectfully submitted this the **20th  day of February 2022**.

Attorneys for Plaintiff:

*/s/Deborah M. Nickson*                              */s/Larry L. Raby*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLIFFORD D. MATHEWS,                          )
                          Plaintiff,          )
                                              ) CIVIL ACTION NO.:
v.                                            ) 2:22-cv-00049-SRW
                                              )
HENRY HINES, TROY STUBBS,                     )
BART MERCER, MACK DAUGHERTY,                  )
DESIRAE LEWIS, BARRY SMITH,                   )
LUKE MCGINTY, MITCH SAVAGE,                   )
in their official and individual capacities and )
the ELMORE COUNTY COMMISSION.                 )
                          Defendants.         )

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO REMAND

### I. MOTION TO REMAND STANDARD

Any civil action originally filed in state court of which the federal district

courts have original jurisdiction may be removed to federal court. 28 U.S.C. §

1441(a). As the removing party, Defendants have the burden to prove the existence

of federal jurisdiction. Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th

Cir.1998). A federal court should strictly construe removal statutes and resolve any

doubts regarding the existence of federal jurisdiction in favor of remand. Diaz v.

Sheppard, 85 F.3d 1502, 1505 (11th Cir.1996).

### II. FACTUAL BACKGROUND

Plaintiff filed an action in state court asserting federal and state claims

against the Defendants with the federal claims being a Title VII claim.

### III. LEGAL ANALYSIS

Federal courts have subject matter jurisdiction in two primary types of cases: cases presenting a federal question pursuant to 28 U.S.C. § 1331, and cases between parties of diverse citizenship pursuant to 28 U.S.C. § 1332.

There is a presumption of concurrent jurisdiction between State and Federal Courts as to the application of substantive federal law. As the United States Supreme Court held in Gulf Offshore Company v. Mobil Oil Corporation, 453 U.S. 473, 101 S.Ct. 2870 (1981):

"The general principle of state-court jurisdiction over cases arising under federal laws are straightforward: state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication 101 S.Ct. at 2875. (cites omitted)."

The presumption can be rebutted by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests. Ibid. The key to analyzing the existence of concurrent jurisdiction is to first look at the language of the statute.

In Lane v. Central Bank of Alabama N.A., 756 F.2d 814 (11th Cir. 1985). the district court found concurrent jurisdiction to exist. On appeal, the

Court of Appeals affirmed. The Court correctly began its analysis with the

presumption of concurrent jurisdiction as set forth in Gulf Offshore. The court then

analyzed the following statutory language at 12 U.S.C. S. § 1975:

"Any person who is injured in his business or property by reason of anything

forbidden in § 1972 of this Title may sue therefore in any district court of the

United States in which the Appellee resides or is found to have an agent, without

regard to the amount in controversy."

In *Lane* opined, "The district court correctly noted that the use

of the permissive term 'may' is entirely consistent with the presumption of

concurrent state court jurisdiction." Ibid. at 817. As this Court should note, the

Court in Lane cited other cases construing a variety of federal statutes which used

the term "may" and which found concurrent jurisdiction to exist. Ibid. at 817. One

such case, Burrell v. Turner Corp. of Oklahoma, Inc., 431 F.Supp. 1018 (N.D.

Okla. 1977), found concurrent jurisdiction to exist as to the statute at issue herein,

the National Flood Insurance Act of 1968. See also, Baines v. Hartford Fire

Insurance Company, 440 F.Supp. 15 (N.D. Ga. 1977).

After analyzing the legislative history of the Statute and rejecting the

existence of an unmistakable implication therefrom, the Court addressed the issue

of clear incompatibility between state-court jurisdiction and federal interests. The

Court noted that even significantly different rules of evidence do not provide such

incompatibility. If the contrary were true, as the Court reasoned, any suit based upon a federal statute would have to be filed in federal court. Ibid. at 818. After applying the analysis set forth in Gulf Offshore, the Court found concurrent jurisdiction to exist.

Even the legislative history of a statute which shows the expectation that all claims will be filed in federal court is not enough to overcome the presumption of concurrent jurisdiction. Such was the decision in Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820, 110 S.Ct. 1566 (1990). In Yellow Freight, the United States Supreme Court was asked to determine if concurrent jurisdiction existed over civil rights actions brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000 (e) et seq. Noting that the Supreme Court had recently found concurrent jurisdiction to apply to RICO claims (18 U.S.C.S. § § 1961-1968), the Court concluded it existed as to Title VII as well. The pertinent language of Title VII was stated as follows: "each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000 e-5(f)(3). The Court contrasted this language with that of other federal statutes which explicitly divested state courts of jurisdiction. Yellow Freight, 110 S.Ct. 1569, footnote 3 (The Employee Retirement Income Security Act of 1974, 29 U.S.C.S. § 1132 (e)(1)). Even where

the word "shall" is used, the Court concludes that jurisdiction is not confined to federal courts. By contrasting Title VII with The Employee Retirement Income Security Act of 1974 which had very specific language precluding state-court jurisdiction, the Court concluded that the omission of such a provision from Title VII "is strong and arguably sufficient, evidence that Congress had no such intent." Ibid.) As demonstrated by the U.S. Supreme Court in Yellow Freight System, Inc., 494 U.S. at 823, that is not an accurate statement. State courts have concurrent jurisdiction over Title VII claims because Congress has not indicated otherwise. Id. The language of the statutes relied on by the Defendants, the lack of any unmistakable implication from the legislative history, and the lack of clear incompatibility between state-court jurisdiction and federal interests require this removal is not appropriate.

## IV. CONCLUSION

In light of the foregoing and in consideration of the Complaint filed by Plaintiff in the state's Circuit Court of Montgomery County, Alabama, Plaintiff Mathews respectfully request that this Court REMAND this case to the state court from where it was removed.


Respectfully submitted this the **20th** day of Febraury 2022.

/s/Deborah M. Nickson                    /s/Larry L. Raby
Deborah M. Nickson (NIC025)              Larry L. Raby 9RAB002)
Attorney for Plaintiff                   Attorney for Plaintiff
8436 Crossland Loop, Ste 112             Post Office Box 4751
Montgomery, Alabama 36117                Montgomery, Alabama 36103
P. (334) 213-1233 F: (334) 213-1234      (334) 652-8929
Email: debnicks@bellsouth.com            Email: lewisraby@yhoo.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of the Court and that

a copy of the foregoing has been served upon the following by Electronic Mail

and/or by placing a copy of same in the United States mail, properly addressed and

postage prepaid on this the  **20th**  **day of Febraury 2022** to:

Constance Caldwell Walker
Attorney for Defendants
WEBB MCNEILL WALKER, PC
One Commerce Street, Suite 700
Montgomery, Alabama 36104

Respectfully submitted this the  **20th**  **day of Febraury 2022**.


/s/Deborah M. Nickson                          /s/Larry L. Raby