IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CLIFFORD D. MATHEWS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.:** |
| v. ) | **2:22-cv-00049-SRW** |
| ) | |
| **HENRY HINES, TROY STUBBS,** ) | |
| **BART MERCER, MACK DAUGHERTY,** ) | |
| **DESIRAE LEWIS, BARRY SMITH,** ) | |
| **LUKE MCGINTY, MITCH SAVAGE,** ) | |
| in their official and individual capacities and ) | |
| the **ELMORE COUNTY COMMISSION.** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

**COME NOW** Defendants Henry Hines, Troy Stubbs, Bart Mercer, Mack Daugherty, Desirae Lewis, Barry Smith, Luke McGinty, Mitch Savage, and the Elmore County Commission, and for response to the Plaintiff's Motion to Remand, state that the motion is due to be denied. Defendants show unto the Court that even though state and federal courts have concurrent jurisdiction over Title VII claims, a defendant may still remove a case containing such claims to federal court. Defendants show as follows:

### PROCEDURAL BACKGROUND

Plaintiff instituted this action by filing a Complaint in the Circuit Court of Elmore County, Alabama on December 27, 2021. (Doc. # 1) Plaintiff asserted a claim for national origin discrimination (Count I) and disparate treatment based on race (Count II) in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff also asserted two state-law claims against the Defendants.

1

On January 25, 2022, Defendants timely removed the case to this Court asserting that this Court had original federal question jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331. On February 20, 2022, Plaintiff filed a Motion to Remand the case to state court. (Doc. # 10) Plaintiff's sole argument is that state courts have concurrent jurisdiction over Title VII claims, and therefore, removal of this case to federal court was improper.

## ARGUMENT

1. ***The mere fact that the state and federal courts have concurrent jurisdiction over Title VII claims does not prevent the Defendants from removing this case to federal court.***

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action to federal court from the state court when the federal court has original jurisdiction to consider the case. Section 1441(a) provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The civil action at issue in this case is one where this Court has original jurisdiction. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When federal law creates the cause of action, (for instance, Title VII), the claim is deemed to arise under the laws of the United States for purposes of Section 1331 federal question jurisdiction. *See Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 377 (2012). Therefore, pursuant to Section 1331, Plaintiff's Title VII claims could have been filed in federal court because the federal court has original jurisdiction to hear them; and as a result, the case was properly removed to federal court pursuant to 28 U.S.C. 1441, the removal statute. *See, e.g., Lockhart v. Bio-Med. Applications of*

*Ala., Inc.,* Docket no. 2:18-cv-951-GMB at * 2 (M.D. Ala. Jan. 7, 2019) (recognizing that Title VII cases are routinely removed to federal courts).

Plaintiff claims, however, that the federal and state court have concurrent jurisdiction over his Title VII claims, and this prevents the Defendants from removing his case to federal court. Defendants do not dispute that the state and federal courts have concurrent jurisdiction over Title VII claims. *See Yellow Freight Sys., Inc v. Donnelly,* 494 U.S. 820, 823 (1990). Nonetheless, the mere fact of concurrent jurisdiction by the state and federal courts does not prevent a defendant from removing the case from state to federal court. In *Chilton v. Savannah Foods & Industries, Inc.,* 814 F.2d 620, 622-23 (11th Cir. 1987), the court held that the removal of a case to federal court is proper when the federal court has concurrent jurisdiction over the plaintiff's claim. The court further stated that any other conclusion would "disallow removal of cases over which state and federal courts have concurrent jurisdiction by equating 'original jurisdiction' with 'exclusive jurisdiction.'" *Id.* And, the court noted, this would render the above cited removal statute (28 U.S.C. § 1441) "meaningless." *Id.; see also, Lockard v. Equifax Inc.,* 163 F.3d 1259, 1264 (11th Cir. 1998) ("[W]e have held that where Congress has granted concurrent jurisdiction to state and federal courts, removal is not barred."); *Lockhart v. Bio-Medical Applications of Ala., Inc.,* at * 2 (confirming that where plaintiff asserted a Title VII claim, the federal court had original subject matter jurisdiction over such claim, and removal from state court was proper); *Mathews v. Anderson,* 826 F.Supp.479, 480 n.1 (M.D. Ga. 1993) ("concurrent jurisdiction does not destroy a defendant's right to remove a case that could have been filed in federal court").

Consequently, based on the foregoing, this case was properly removed to this Court from the state court. The mere fact the state and federal courts have concurrent jurisdiction over Title VII claims does not prevent a defendant from removing the case to federal court. This Court has

3

subject matter jurisdiction over Plaintiff's Title VII claims. Moreover, the Court may also exercise subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. *Lockhart* at * 2. Plaintiff's Motion to Remand is therefore due to be denied.

Respectfully submitted this 23rd day of February 2022.

s/ Constance Caldwell Walker  
CONSTANCE CALDWELL WALKER  
(ASB-5510-L66C)  
Attorney for Defendants

**OF COUNSEL:**

**WEBB MCNEILL WALKER PC**
One Commerce Street, Suite 700
Montgomery, Alabama 36104
(334) 262-1850
cwalker@wmwfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of February 2022, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to the following CM/ECF participants:

Deborah M. Nickson
8436 Crossland Loop, Ste. 112
Montgomery, AL 36117
debnicks@bellsouth.net

Larry L. Raby
Post Office Box 4751
Montgomery, AL 36103
lewisraby@yahoo.com

s/Constance Caldwell Walker  
OF COUNSEL