**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **CLIFFORD D. MATHEWS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:22-cv-00049-CWB** |
| | ) | |
| **HENRY HINES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. 8). Pursuant to 42 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, all parties have consented to the exercise of civil jurisdiction by a United States Magistrate Judge. (Docs. 15 & 16). For the reasons set out below, the undersigned concludes that the pending motion is due to be granted in part and denied in part.

**I.      Introduction and Background**

Plaintiff Clifford D. Mathews, an African-American male, is a former employee of the Elmore County Highway Department who brought suit in the Circuit Court of Elmore County, Alabama to assert allegations of discrimination arising out of certain conditions of his employment that ultimately culminated in his termination. (Doc. 1-1 at ¶¶ 2, 10-23). Named as defendants were the Elmore County Commission, the individual members of the Elmore County Commission, and various co-employees alleged to have supervisory responsibilities. (*Id*. at ¶¶ 3-7). Because the Complaint contained federal law claims, proceedings were removed to this court (Doc. 1) and Plaintiff's corresponding motion to remand was denied (Docs. 10 & 18).

1

Count I of the Complaint purports to assert a claim against all of the defendants for "National Origin Discrimination" in violation of Title VII.  (Doc. 1-1 at ¶ 26: "The Defendants knowingly and willfully discriminated against Plaintiff based on his national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq.").  Count II of the Complaint purports to assert a claim against all of the defendants for disparate treatment in violation of Title VII.  (*Id.* at ¶ 31: "The Defendants' actions constitute unlawful disparate treatment under Title VII.").  Count III of the Complaint purports to assert a state law claim for "Failure to Train" against the Elmore County Commission and its members.  (*Id.* at ¶ 33: "The failure of the County of Elmore to adequately and appropriately train the Defendants concerning the Personnel Policies and Procedures of Elmore County, Alabama, caused Plaintiff to be wrongfully, improperly, and/or illegally terminated.").  And Count IV of the Complaint, captioned "Agency," seeks to render the Elmore County Commission vicariously liable for the alleged actions of the co-employee defendants.  (*Id.* at ¶ 37: "As the principal for Defendant[s], Elmore County Commission is responsible for all of the acts committed by Defendants Smith, McGinty, and Savage while in the scope of its agency.").

All of the defendants have jointly moved for a dismissal of this case in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Docs. 8 & 9).  Plaintiff in turn has filed a response in opposition (Doc. 19), to which the defendants have jointly replied (Doc. 20).  The court thus will undertake to determine which claims, if any, may proceed against which defendants.

## II.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  *See* Fed. R. Civ. P. 12(b)(6).  To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  "In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff."  *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).  The court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

## III.   Discussion

### A.      Count I is due to be dismissed in its entirety.

Count I of the Complaint is styled "Violation of Title VII, 42 U.S.C. § 2000(e) et seq., for National Original Discrimination."  (Doc. 1-1 at p. 6).  It is specifically alleged therein that "Plaintiff's national origin was a determining factor in the decision to terminate [his employment]" and that "[t]he Defendants knowingly and willfully discriminated against Plaintiff based on his national origin."  (*Id.* at ¶¶ 25-26).  The court finds that such allegations fail to state a claim in this case.

It is axiomatic that a plaintiff seeking to bring suit against his employer under Title VII must first file an administrative charge of discrimination with the EEOC.  *See, e.g., Ledbetter v. Goodyear Tire & Rubber Co.*, 421 F.3d 1169, 1178 (11th Cir. 2005).  It is equally settled that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quotation marks and citation omitted).  Stated differently, "[n]o action alleging a violation of Title VII may be brought unless the alleged

discrimination has been made the subject of a timely-filed EEOC charge." *Thomas v. Miami Dade Pub. Health Trust*, 369 F. App'x 19, 22 (11th Cir. 2010) (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000) (*overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n. 52 (11th Cir. 2003))).

Although Plaintiff did file an administrative Charge of Discrimination and received a Notice of Right to Sue, he marked only the box for "RACE" in response to the heading "DISCRIMINATION BASED ON (Check appropriate box(es)." (Doc. 1-2 at p. 26). Plaintiff did not similarly mark the box for "NATIONAL ORIGIN" or any other category. (*Id.*). When providing his narrative description of the alleged discrimination, Plaintiff likewise made no mention of any conduct that had been motivated by his national origin; instead, he simply indicated "I am a Black individual" and "I believe I have been discriminated against because of my race (Black) … ." (*Id.* at pp. 26-27). Accordingly, the Count I claim for discrimination based on national origin cannot be said to fall within the scope of Plaintiff's administrative exhaustion and should be dismissed in its entirety.[1]

**B.   Count II is due to be dismissed as to the individual defendants.**

Count II of the Complaint purports to assert a claim for disparate treatment under Title VII on the basis of race. (Doc. 1-1 at p. 7). Plaintiff predicates the alleged disparate treatment on two categories of conduct:

---

[1] *See also Austin v. American Bldg. Co.*, No. 2:19-cv-1059, 2021 WL 7450297, at *8 n.3 (M.D. Ala. Dec. 6, 2021), *report and recommendation adopted,* 2022 WL 757938 (M.D. Ala. March 11, 2022); *Saenz v. Wilkie*, No. 2:18-cv-1363, 2019 WL 3997077, at *5 (N.D. Ala. Aug. 23, 2019) ("[B]ecause [plaintiff's] EEOC complaint did not allege 'national origin' as a basis for discrimination, or otherwise allege facts concerning national origin, this claim is not 'within the scope of the EEOC investigation which can reasonably be expected to grow out of the initial charges of discrimination.'") (citation omitted); *Francois v. Miami-Dade Cnty.*, 742 F. Supp. 2d 1350, 1353 (S.D. Fla. 2010) (holding plaintiff's national origin claim was barred because he failed to check the "national origin" box and the factual allegations in his charge did not assert national origin discrimination), *aff'd*, 432 F. App'x 819 (11th Cir. 2011).

28.   Defendants Smith, McGinity [sic], and Savage subjected the Plaintiff to a stricter rule while not disciplining Caucasiaon [sic] employees who violated the rules.  (See paragraph 14-23 of the Complaint).

29.   The termination of Plaintiff's employment is based upon allegations which either are false or are based upon actions similarly taken by other employees without incident.

(Doc. 1-1 at ¶¶ 28-29).  As more detailed factual support for those allegations, the court is able to discern three instances of disciplinary conduct pleaded in the Complaint.

19.   On March 1, 2021, Plaintiff received a written warning for backing into a vehicle with a regular Elmore County Highway Truck.

20.   On April 12, 2021, Plaintiff received a two-day suspension and demotion to Equipment Operation II with a reduction in pay for violating Sections of the handbook 9.4.4 work interference and 9.4.5 inefficiency.

21.   On April 14, 2021, Plaintiff's employment was terminated for violation of Sections 9.6.23 of the handbook unauthorized use of public property, County vehicle, and time [sic] 9.6.23 failure to comply with ethic law.  Plaintiff was falsely accused of using county property for personal gain.

22.   Plaintiff was fired for an alleged violation of the policy and procedures handbook 9.4.6 and 9.6.11 safety and carelessness 9.4.6 abuse of property.

(Doc. 1-1 at ¶¶ 19-22).

With respect to the March 1, 2021 incident involving an Elmore County Highway Truck, Plaintiff alleges that Caucasian employee Johnny Wingard "had repeatedly broken and/or damaged many pieces of equipment somehow" but "had never been demoted, suspended, or fired during the Plaintiff's employment period."  (*Id*. at ¶ 18).  Plaintiff additionally refers to Caucasian employee Clifton Lazenby as having "three reported incidents while on duty" but "not [being] disciplined according to the policy and procedures handbook."  (*Id*. at ¶ 17).  It is unnecessary for the court to delve further into those allegations, however, as any claim based on the March 1, 2021 written warning is conclusively time-barred.  Pursuant to 42 U.S.C. § 2000e-5(e)(1), a formal charge must be filed with the EEOC within 180 days of the discriminatory conduct.  *See also City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1101 (11th Cir. 2002); 29 C.F.R. § 1626.7.  Because Plaintiff's

EEOC charge was not filed until September 24, 2021 (Doc. 1-2 at pp. 26-27), it thus was untimely and failed to properly exhaust administrative review on that issue.  *See, e.g., Jordan v. City of Montgomery*, 283 F. App'x 766, 767 (11th Cir. 2008) ("Failure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge.").

On the other hand, Plaintiff's allegations relating to the occurrences on April 12, 2021 (suspension and demotion with reduction in pay) and April 14, 2021 (termination) were timely raised in the EEOC charge, and the court finds that the Complaint contains sufficient factual allegations to state a plausible claim for disparate treatment as to those occurrences.  *See, e.g., Cobb v. Marshall*, 481 F. Supp. 2d 1248, 1257 (M.D. Ala. 2007) ("In the employment discrimination context, a Title VII complaint is not subject to a Rule 12(b)(6) dismissal merely because it fails to allege all of the facts needed to support a prima facie case of discrimination.") (citing *Swierkiewicz v. Sorema,* 534 U.S. 506, 511 (2002) (holding that the prima facie evidentiary standard applied in Title VII employment discrimination cases is not the pleading standard by which a complaint is measured under Rule 8(a))).[2]  The question now becomes whether all of the named defendants are proper parties.

---

[2] The court acknowledges the argument made by the defendants that Plaintiff has failed to allege the comparator employees identified in the Complaint were "similarly situated in all material respects."  (Doc. 9 at pp. 12-17).  For purposes of surviving a Rule 12(b)(6) dismissal, the court finds that the allegations sufficiently identify to whom Plaintiff seeks to draw comparison and the general nature of the conduct exhibited by those comparators.  While the court might agree that the allegations could have been pleaded more artfully, the "similarly situated" argument is more appropriate for review in this case at a subsequent time on a more developed record.  *Compare Washington v. City of Adamsville*, No. 2:21-cv-1658, 2022 WL 468039, at *3 (N.D. Ala. Feb. 15, 2022) ("Defendant argues that Plaintiff's claim is insufficiently pled because the alleged comparators are not similarly situated in all material respects. However, at this early stage of the litigation, the court is not tasked with determining the adequacy of Plaintiff's proposed comparators or the facts surrounding the comparators' situation. Rather, the court need only assess Plaintiff's Amended Complaint to determine if he has alleged sufficient facts that support a plausible claim of race discrimination.").

The Complaint identifies Plaintiff's employer as the Elmore County Commission.  (Doc. 1-1 at ¶ 3; *see also Id.* at ¶ 10).  The Elmore County Commission then is clearly an appropriate defendant.  Plaintiff has erred, however, in additionally naming as defendants both the individual members of the Elmore County Commission and certain supervisory co-employees.  (*Id.* at ¶¶ 4-7).  The Eleventh Circuit has made it clear that Title VII does not create any individual liability.  *See, e.g., Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act.") (emphasis in original).  Although it is not *per se* improper to name individual supervisory actors as defendants in their <u>official</u> capacities, doing so is redundant and unnecessary in circumstances where the employer itself has been named.  *See Busby*, 931 F.2d at 772.  The court thus will elect to dismiss all of the individually-named defendants from this action and will allow Count II to proceed solely against the Elmore County Commission as an entity.  *See Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1187 (M.D. Ala. 2000) ("In other words, if a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action.").

### C.    Count III is due to be dismissed in its entirety.

Count III of the Complaint purports to assert an Alabama common law claim for "Failure to Train" against the Elmore County Commission and its individual members.  (Doc. 1-1 at p. 8).  Plaintiff alleges that those defendants "had a duty and obligation to train the Defendants in the Personnel Policies and Procedures of Elmore County, Alabama" and that "[t]he failure … to adequately and appropriately train the Defendants … caused Plaintiff to be wrongfully, improperly, and/or illegally terminated."  (*Id.* at ¶ 33).  In essence, Plaintiff is alleging that the Elmore County Commission and its members failed to train the co-employee defendants not to engage in discriminatory conduct that would violate Title VII.

7

The problem with Plaintiff's allegation is that any underlying Title VII violation would constitute a breach of a <u>federal statutory duty</u>.  Although Alabama does recognize a common law claim for deficient training, courts have consistently held that the deficient training must have contributed to an underlying violation of <u>Alabama common law</u>:

> First of all, it is clear that the employee's wrongdoing must be based on state, and not federal, law. Otherwise, the tort of negligent or wanton hiring, training, and supervision could be a corridor through which federal laws prohibiting various types of conduct by employees could be incorporated into state law as a privately redressable requirement on employers to stop their employees from engaging in such conduct.

*Guy v. Alabama Power Co.,* No. 2:13-cv-8, 2013 WL 3929858, at *2 (M.D. Ala. July 29, 2013). Therefore, "the underlying wrongful conduct must constitute 'a common-law, Alabama tort committed by the employee, not a federal cause of action such as Title VII.'" *Short v. Mando Am. Corp.*, 805 F. Supp. 2d 1246, 1277 (M.D. Ala. 2011) (quoting *Ellis v. Advanced Tech. Servs.,* No. 3:10-cv-555, 2010 WL 3526169, at *2, (M.D. Ala. Sep. 3, 2010) (internal quotation marks omitted)); *accord Rabb v. Georgia Pacific, LLC,* No. CA 09-0420, 2010 WL 2985575, at *16 (S.D. Ala. July 26, 2010) ("Because Alabama does not recognize a common-law tort for race discrimination in employment, this Court finds that [the plaintiff] cannot maintain an action for negligent supervision 'based upon conduct that is employment discrimination, but does not support a common law tort.'") (citation omitted).

Here, Plaintiff has not alleged any underlying state-law tort against any of the defendants. Accordingly, he cannot sustain a plausible claim for improper training under Alabama law, and Count III is due to be dismissed in its entirety.  *See Nguyen v. Civ. Air Patrol*, No. 2:20-cv-824, 2021 WL 6883454, at *9 (M.D. Ala. Nov. 3, 2021), *report and recommendation adopted sub nom. Nguyen on behalf of Fellow Disabled Veterans v. Civ. Air Patrol*, No. 2:20-cv-824, 2022 WL 894098 (M.D. Ala. Mar. 25, 2022).

### D.    Count IV is due to be dismissed in its entirety.

Count IV of the Complaint is entitled "Agency" and seeks to hold the Elmore County Commission liable for "acts of Defendant[s] Smith, McGinty, and Savage [that] were committed while acting as an agent of Defendant Elmore County Commission." (Doc. 1-1 at p. 9).  Plaintiff further alleges that "[a]s the principal for Defendant[s], Elmore County Commission is responsible for all of the acts committed by Defendants Smith, McGinty, and Savage while in the scope of its agency." (*Id*. at ¶ 37).

Just as with Count III, however, liability under Count IV would be dependent upon the existence of an underlying state-law tort. *See, e.g., Stoval v. Hancock Bank of Alabama, Inc.*, No. 2:12-cv-1036, 2013 WL 3357851, *6 (M.D. Ala. July 3, 2013) ("[T]he law is well-settled that a defendant cannot be held vicariously liable for a tort when the plaintiff cannot establish underlying liability for that tort.") (citing *Knowles v. Am. Home Mortg. Serv. Inc.,* No. 5:11-cv-1670, 2013 WL 122543, at *3 (N.D. Ala. Jan.7, 2013)).  Because Plaintiff has not alleged any such state-law tort, he cannot sustain a plausible claim under a theory of agency.  Count IV thus is due to be dismissed in its entirety.

## IV.    Conclusion

For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 8) is GRANTED IN PART and DENIED IN PART as follows:

1.  Counts I, III, and IV of the Complaint are hereby DISMISSED with prejudice.

2.  With respect to Count II of the Complaint, Henry Hines, Troy Stubbs, Bart Mercer, Mack Daugherty, Desirae Lewis, Barry Smith, Luke McGinty, and Mitch Savage are hereby DISMISSED with prejudice, both in their individual and official capacities. Count II may proceed against the Elmore County Commission but shall be limited to

those occurrences from April 2021 that were subject to administrative exhaustion with

the EEOC and specifically identified in the Complaint.

DONE this the 24th day of October 2022.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

10